UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROSILENE HEMME, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 09 C 7239 |
| | ) | |
| AIRBUS, S.A.S. et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This case comes before the court on the motion of Defendant Motorola, Inc. (Motorola) to dismiss all claims against it pursuant to Fed. R. Civ. P. 8 and 12(b)(6) and the motion of Plaintiffs Rosilene Hemme, et al. ("Plaintiffs") to reconsider our prior ruling dismissing Defendant E.I. Du Pont de Nemours and Company ("DuPont") from the case. For the reasons stated below, Motorola's motion is denied and Plaintiffs' motion to reconsider is granted.

## BACKGROUND[1]

Plaintiffs are administrators of the estates of passengers who perished on Air France flight 447 from Rio de Janeiro to Paris when their plane crashed in the Atlantic

---

[1] The following facts are taken from the allegations of the complaint, which we must accept as true and construe in favor of the Plaintiffs for purposes of this motion. *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

Ocean on June 1, 2009. Plaintiffs allege that each of a number of defects in the Air France plane and its component parts independently caused the crash and resulted in the death of Plaintiffs' decedents. Because the present motions only implicate the sufficiency of the allegations with respect to Motorola and DuPont, we limit our presentation of the allegations to those that pertain to these two defendants.

Plaintiffs allege that Motorola designed, manufactured, assembled, and sold microprocessors that were used in the aircraft's air data inertial reference units ("ADIRUs") and flight control computers. ADIRUs obtain and process information from various sensors on the aircraft regarding the plane's air speed and angle of attack. Plaintiffs maintain that these microprocessors were defective and unreasonably dangerous at the time they left Motorola's care and custody. The alleged defects include that the microprocessors created and allowed erroneous data and spurious signals concerning the aircraft's air speed and angle of attack to be provided to the ADIRUs. Plaintiffs also assert that the microprocessors contained in the aircraft's flight control computers were defective in that they created and allowed erroneous data from the ADIRUs to be provided to the computers. As a result of the microprocessors providing erroneous data, Plaintiffs allege the flight control computers commanded dangerous and improper movements that caused the aircraft to crash.

Plaintiffs further allege that Motorola owed a duty of reasonable care in designing, manufacturing, and assembling their microprocessors in the ADIRUs and

flight control computers so as not to cause injury to Plaintiff's decedents. According to Plaintiffs, Motorola breached that duty by, among other things, designing these microprocessors such that they could create and allow faulty data. Plaintiffs claim that Motorola's design, manufacture, and assembly of these microprocessors caused erroneous data to be provided to the ADIRUs and flight control computers, causing the flight computers to command improper movements that caused the accident aircraft to crash.

With regard to DuPont the complaint alleges that it designed, manufactured, assembled, and sold an aspect of the wiring associated with various sensors on the aircraft. Plaintiffs allege that this wiring was defective and unreasonably dangerous upon leaving DuPont's custody and control in that it was subject to wet arcing, dry arcing, chafing, cracking, hydrolysis, and pyrolization. Plaintiffs assert that these defects caused erroneous information to be provided to the ADIRUs and flight control computers which then commanded improper movements that caused the plane to crash. Plaintiffs further maintain that DuPont owed a duty of reasonable care to Plaintiffs' decedents in designing the wiring, DuPont breached that duty by designing the wiring such that the wiring was subject to arcing, chafing, cracking, etc., and that this breach resulted in the plane crashing into the ocean.

Plaintiffs filed suit in Cook County Circuit Court on October 19, 2009, seeking damages under strict product liability and negligence theories against a number of

defendants under the Illinois Wrongful Death Act, 740 ILCS 180/0.01-2.2 and the Illinois Survival Act, 755 ILCS 5/27-6. The case was removed to federal court on November 18. On December 15, DuPont filed a motion to dismiss pursuant to Fed. R. Civ. P. 8 and 12(b)(6). On January 13, 2010, we granted DuPont's motion without prejudice and provided Plaintiffs with 30 days to seek reconsideration. Pursuant to our order, Plaintiffs filed a motion to reconsider on February 11. On January 15, Motorola filed a motion to dismiss all claims against it for failure to state a claim upon which relief could be granted.

## LEGAL STANDARDS

Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement showing that the pleader is entitled to relief." To survive a motion to dismiss under Rule 8, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has facial plausibility when the plaintiff pleads factual content that permits the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. "[D]etermining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1950) (internal quotation marks and editorial marks omitted). In ruling on a motion to dismiss, a court must draw all reasonable inferences

- 4 -

in favor of the plaintiff, construe allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). When examining the facts alleged and matching them with the legal claims, the court must give the plaintiff "the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Bissessur v. Ind. Univ. Bd. of Trustees*, 581 F.3d 599, 602-03 (7th Cir. 2009).

## DISCUSSION

### I.   Plaintiffs' Motion to Reconsider

Plaintiffs ask us to reconsider our previous order dismissing DuPont from the case without prejudice. In appropriate situations, a district court has discretion to make a different determination of any interlocutory matter that has not been taken to judgment or determined on appeal. *Cameo Convalescent Ctr. v. Perry*, 800 F.2d 108, 110 (7th Cir. 1986); *Peterson v. Lindner*, 765 F.2d 698, 704 (7th Cir. 1985). Dismissals without prejudice are generally considered interlocutory when a district court expressly retains jurisdiction over the dispute to afford the complainant some opportunity to avoid dismissal. *See Ohio River Co. v. Carrillo*, 754 F.2d 236, 238 (7th Cir. 1985). We made clear our intention to retain jurisdiction over Plaintiffs' claims against DuPont by providing Plaintiffs with thirty days to present reasons why dismissal is unwarranted.

We find this unique set of circumstances favors granting Plaintiffs' motion to reconsider.

DuPont argues that Plaintiffs' claims should be dismissed because they lack sufficient factual matter to state a plausible claim against DuPont. DuPont first argues that Plaintiffs' claims are inadequately pled because they fail to identify the particular product that was allegedly defective. Plaintiffs allege that DuPont and one other company[2] designed, manufactured, assembled, and sold some feature of the wiring related to the aircraft's sensors that suffered from an alleged defect. DuPont takes issue with the use of the generic word "wiring" and, relying upon *Twombly*, contends that Plaintiffs must allege what specific product of theirs is responsible for the Flight 447 crash. Despite DuPont's assertions, the pleading standard announced in *Twombly* and its progeny "does not require heightened fact pleading or specifics[.]" *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). Plaintiffs have alleged enough facts to permit DuPont to conduct a reasonable investigation as to the truth of the allegations and respond to the complaint.

DuPont also contends that Plaintiffs' claims should be dismissed because the complaint does not set out enough facts to suggest a plausible causal connection

---

[2] Though Plaintiffs originally alleged that three companies were responsible for the wiring on the accident aircraft, they voluntarily dismissed one of these companies, Judd Wire Co, Inc., from the action without prejudice.

between DuPont's product and the Flight 447 crash. Plaintiffs allege that the DuPont wiring associated with the aircraft's sensors was defective in that it was subject to a number of problems including wet and/or dry arcing and chafing. Plaintiffs further allege that this defect in the wiring caused inaccurate information to be relayed to the aircraft's flight control computers which relied on that erroneous information to command improper flight movements that caused the plane to crash.

We think the Plaintiffs have provided enough facts to state a plausible causation theory. Plausibility does not mean probability; a plaintiff must merely present "enough facts to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The plausibility threshold is a low one; "a well pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id*. Plaintiffs have provided enough facts to present a plausible connection between DuPont's products and the crash such that dismissal would be inappropriate.[3]

---

[3] DuPont also contends that Plaintiffs have engaged in impermissible group pleading by consolidating allegations against Defendant Raychem Co. ("Raychem") and DuPont in the same count. The complaint asserts distinct claims against DuPont and Raychem for alleged misconduct arising out of defects in each company's products. We see no problem with the structure of Plaintiffs' allegations that would require dismissal.

- 7 -

Because we find the Plaintiffs have stated sufficient facts to establish a plausible entitlement to relief, we grant Plaintiffs' motion to reconsider and deny DuPont's motion to dismiss.

## II.     Motorola's Motion to Dismiss

Motorola argues that Plaintiffs' allegations against it contain certain deficiencies that warrant its dismissal from the case. Motorola first contends that Plaintiffs' strict product liability claims should be dismissed. To state a claim for strict product liability under Illinois law,[4] a plaintiff must allege that an injury resulted from a certain condition of a product, the condition was unreasonably dangerous, and that the condition existed at the time the product left the manufacturer's control. *Sollami v. Eaton*, 772 N.E.2d 215, 219 (Ill. 2002). Motorola argues that no plausible strict product liability claim may be premised on the alleged defects in Motorola's microprocessors because the defects Plaintiffs identify are premised upon a misunderstanding of how a microprocessor functions. Motorola misinterprets the plausibility standard of *Twombly* and *Iqbal* as an opportunity to make premature merits-based arguments regarding Plaintiffs' claims at the pleading stage. The Supreme Court has not "imposed a probability requirement on plaintiffs[;]" Plaintiffs have satisfied their burden of pleading by presenting sufficient facts to foster an expectation that discovery will

---

[4] The parties have agreed that Illinois law applies to this action for purposes of this motion only.

uncover evidence supporting their allegations. *Brooks*, 578 F.3d at 581. The allegations that Motorola's microprocessors were designed in such a way as to malfunction in the manner described by Plaintiffs are sufficiently plausible to raise Motorola's "right to relief above the speculative level." *Twombly*, 550 U.S. at 556.

Motorola also argues that Plaintiffs' strict product liability claim should be dismissed because they fail to allege facts demonstrating how they arrived at their factual allegations. Such background allegations are not necessary to survive dismissal; a complaint must only contain enough facts to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Brooks*, 578 F.3d at 581. Plaintiffs have provided enough to accomplish these ends.

Motorola next argues that Plaintiffs' have failed to allege a plausible negligence claim.[5] To assert a products liability claim sounding in negligence, a plaintiff must plead a duty of care owed by defendant, a breach of that duty, an injury caused by the breach, and damages. *Calles v. Scripto-Tokai Corp.*, 864 N.E.2d 249, 263-64 (Ill. 2007). Motorola argues that Plaintiffs have not established a reasonable entitlement to relief because Motorola, as a manufacturer of a sub-component of the aircraft, does not have

---

[5] Motorola also makes several other challenges to Plaintiffs' negligence claims but each of these challenges were made in one sentence and with no citation to relevant authority. Perfunctory and undeveloped arguments as well as arguments unsupported by pertinent authority are waived. *Goren v. New Vision Int'l*, 156 F.3d 721, 726 n.2 (7th Cir. 1998). We therefore decline to address those arguments.

a duty to ensure that its product was safely integrated into another product. Plaintiffs have alleged that the microprocessors were defective at the time they left the custody and control of Motorola. Such allegations do not depend upon the later integration of their product into the plane. The doctrine relied upon by Motorola does not apply under these circumstances. *Loos v. Am. Energy Savers, Inc.*, 522 N.E.2d 841, 844-45 (Ill. App. Ct. 1988) (manufacturer of sub-component part entitled to summary judgment when plaintiff failed to produce evidence contradicting defendant's evidence that dangerous condition did not exist at time product left defendant's custody).

Plaintiffs have established a plausible entitlement to relief from Motorola through the allegations of their complaint. We therefore deny Motorola's motion to dismiss.

## CONCLUSION

Plaintiffs' motion to reconsider [181] is granted. DuPont's motion to dismiss [79] is denied. Motorola's motion to dismiss [137] is also denied.

Charles P. Kocoras
United States District Judge

Dated: _____ April 1, 2010 _____